# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                          Case No. 07-CR-204

MICHAEL LOCK, JERHONDA MCCRAY,
CHIANTI CLAY, KEVIN SLAMANN,
MONIQUE DUNLAP, MARCUS LEONARD,
RUBEN FIELDS, NICOLE BROWN,
LISA COLELLA and KRISTA JERAY,

        Defendants.

## DECISION AND ORDER

On August 1, 2007, a federal grant jury in this district returned a 21-count indictment against ten defendants, charging them with participating in a complex mortgage fraud scheme executed through the use of the mails and/or commercial interstate carriers and through the use of interstate communications in violation of 18 U.S.C. §§ 1341 and 1344. Two of the defendants are charged with devising and executing a bank fraud scheme in violation of 18 U.S.C. § 1344. The defendants appeared at their arraignments and entered pleas of not guilty to the charges. The case currently is set for trial on October 15, 2007.

On August 15, 2007, the United States filed a motion for complex case designation. (Docket #33). The government asserts that the two year investigation by federal and state law enforcement officers, which culminated in the return of the indictment, generated voluminous discovery materials. These discovery materials include: 1) numerous written report and audio recordings of interviews conducted by law enforcement officers, including

interviews of several defendants; 2) assorted documents, such as lists of city code violations for certain properties that were sold as part of the alleged fraud scheme and verifications from banks; 3) property files, which include lender and closing files, title histories and foreclosure records, for approximately 25 properties identified as part of the fraud scheme; 4) various items recovered during the execution of seven search warrants; 5) computer records from appraiser Larry Fort; 6) Wisconsin tax records and bank records for various defendants; 7) records of approximately 50-100 jailhouse calls between defendant Michael Lock and others allegedly involved in the fraud scheme; 8) several one-party consent tapes between a lender and others identified during the investigation; 9) property files from the City of Milwaukee Assessor's Office; and 10) other documents and photographs.

The government states that all the defendants, by their respective counsel, with the exception of defendant Michael Lock, join in the government's motion. Defendant Lock, who currently is being held on a State of Wisconsin Division of Corrections hold related to a 2002 state conviction and is awaiting a hearing to revoke his supervised release, opposes the government's motion.

In opposing the motion, defendant Lock asserts that the indictment does not allege a factually or legally complicated scheme and that the fact that the government interviewed a large number of people and obtained voluminous documents does not make the case complex within the meaning of the statute.

Section 3161(h) of Title 18 of the United States Code sets forth certain periods of delay which shall be excluded in computing the time within which the trial of an offense must commence. Section 3161(h)(8)(A) provides for the exclusion of:

> Any period of delay resulting from a continuance granted by any judge . . . at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

In making this determination, the court shall consider certain factors, including whether the case "is so unusual or so complex, due to the number of defendants, the nature of the prosecution or the novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 316(h)(8)(B)(ii).

As noted, this case involves ten individual defendants who are charged in a 21-count indictment. According to the government, the discovery is voluminous. In addition to numerous reports and audio recordings of interviews, the discovery includes extensive property files for approximately 25 properties identified as part of the fraud scheme, numerous taped conversations, other records and items recovered during the execution of search warrants at three residences and four business offices.

The court has carefully considered the positions of the government and defendant Lock. The court is not unsympathetic to defendant Lock's concerns and will make every effort to facilitate the resolution of this case as expeditiously as possible. Nonetheless, given the number of defendants, the number of charges, and the extensive amount of discovery materials, the court finds that the ends of justice served by granting a continuance of the speedy trial deadlines outweigh the best interest of the public and defendant Lock in a speedy trials. Such finding is made pursuant to 18 U.S.C. § 3161(h)(A) and (B).

**NOW, THEREFORE, IT IS ORDERED** that United States' motion for complex case designation (Docket #33) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the court will conduct a scheduling conference with counsel for the parties only on **September 5, 2007, at 2:00 p.m.** The parties will be advised of the courtroom for the scheduling conference at a later date.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2007.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge