# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No. 07-CR-204

MICHAEL LOCK,

        Defendant.

───────────────────────────────────────────────

## ORDER

On August 1, 2007, a grand jury sitting in this district returned a 21-count indictment charging ten defendants, including Michael Lock, with various violations of federal law, all in connection with having devised and participated in a scheme to defraud and obtain funds consisting of mortgage loan proceeds from lending institutions by means of materially false pretenses, representations, and promises. On December 5, 2007, a 21-count superseding indictment was returned, once again naming the same individual defendants. On February 11, 2008, the government filed a motion to disqualify Lock's attorney, Rodney Cubbie, asserting that Cubbie had been previously retained by Lock's co-defendant, Chianti Clay, in connection with Clay's participation in a 2004 mortgage transaction.[1] On March 7, 2008, Magistrate Judge Patricia Gorence conducted a hearing on the government's motion regarding the multiple representation issues. Following the hearing, the government

---

[1] The government's proffered information suggested that the meeting and transaction took place in 2005; however, Attorney Cubbie's notes and the records of the purchase suggest that the date was sometime in October 2004.

filed a memorandum of law in support of its motion. Attorney Cubbie has requested that the court allow him to continue in his representation of Lock, but proposes independent counsel be hired to minimize any conflict of interest for Clay. On March 28, 2008, Magistrate Gorence issued a recommendation to this court that Attorney Cubbie be disqualified. Lock objected to the recommendation and the government has filed its response. For the reasons set forth below, this court is obliged to adopt Magistrate Gorence's recommendation and order that Attorney Cubbie be disqualified from further representing Lock in this matter.

## BACKGROUND

Defendants Lock and Clay are charged along with eight co-defendants with bank, mail, and wire fraud. Lock and Clay are jointly charged at counts one through twenty of the indictment with devising and participating in a scheme to defraud and obtain money from lending institutions. The indictment further alleges that Lock and Clay acted in concert to induce others to purchase distressed properties based upon false promises together with fraudulent loan applications and property appraisals. Lock, Clay, and the remaining co-defendants are alleged to have obtained and share in the proceeds from this scheme.

On January 8, 2008, Clay signed a plea agreement with the government in which he agreed to cooperate with the government in the prosecution of other co-defendants. As a part of his cooperation agreement, Clay will be called to testify at Lock's trial. The government learned of the potential conflict of interest involving

Clay and Attorney Cubbie during the plea negotiations Clay and his attorney, Waring Finke, had with the government prior to the signing of the written plea agreement.

At the hearing on this matter, the government stated that it was informed that Clay consulted with Attorney Cubbie regarding a transaction of the property located at 5822-5824 North 64th Street in Milwaukee, Wisconsin.  This property is the subject of the charge at Count Fifteen in the superseding indictment.  Attorney Cubbie was paid a $2,500.00 retainer for his consultation with Clay on this matter, and Clay again consulted with Attorney Cubbie when Clay learned that this property was the subject of a fraud investigation.  Attorney Cubbie confirmed some of the government's assertions; he disagreed with the dates he met with Clay and claims it was October 2004, not January 2005.  He confirmed he was paid $2,500.00 for his services but did not recall a subsequent meeting or discussion with Clay.

Based upon these facts, the parties are in general agreement that a potential, if not actual, conflict of interest exists.  Attorney Finke has stated that Clay will not waive the conflict.  Therefore, the government has moved for an order disqualifying Attorney Cubbie from further representation of Lock in this matter.  The government argues that Clay is a material witness in the case and, owing to Attorney Cubbie's prior representation, he will be materially limited in his ability to represent Lock. Attorney Cubbie objects to disqualification suggesting that it is possible for him to remove the conflict by retaining independent counsel to conduct the cross-examination of Clay at trial.  He further states he would not disclose any privileged matters he obtained during his representation of Clay.

**ANALYSIS**

The Supreme Court has held that a defendant's right to counsel of his choosing is firmly rooted in the U.S. Constitution. *See United States v. Gonzalez-Lopez*, 126 S.Ct. 2557, 2563 (2006). Thus, before a court grants a motion to disqualify an attorney, it must be convinced there is a sound basis for doing so. While some situations present circumstances where a court must disqualify an attorney, a court should not lightly grant an order to disqualify, as doing so could deny a defendant the well-established right to counsel of one's choice. *See id.*

However, this right to counsel of one's choice "may be outweighed by a serious potential for conflict due to the attorney's prior representation of other defendants charged in the same criminal conspiracy." *United States v. Algee*, 309 F.3d 1011, 1013 (7th Cir. 2002) (citing *Wheat v. United States*, 486 U.S. 153 (1988). In such instances of multiple representation, a defendant "may not insist on the counsel of an attorney who has a previous or ongoing relationship with an opposing party," due to that fact that "ethical constraints may prevent the attorney from vigorous defense of the client." *United States v. Combs*, 222 F.3d 353, 361 (7th Cir. 2000) (citing *Wheat*, 486 U.S. at 159-160).

As acknowledged by Magistrate Gorence, there is an actual conflict of interest in this case. While Lock has agreed to waive the conflict, Clay has not. It is well-established that counsel for a defendant who, in the past, represented one or more co-defendants has a conflict of interest, particularly when that attorney faces the possibility of cross-examining the former client. As a consequence, this court

-4-

concurs with the magistrate's recommendation finding of a conflict. *See United States v. Lowry*, 971 F.2d 55, 61 (7th Cir. 1992); *see also Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004).

Moreover, Wisconsin's rules of professional conduct add further support to a finding of an actual conflict.[2] The ethical rule implicated in this case is Wis. SCR 20:1.9, "Duties to Former Clients." This rule provides that an attorney "who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in a writing signed by the client." Wis. 20:1.9(a). Furthermore, the commentary following this rule explicitly states that "[w]hen a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited." *Id.* cmt. 2.

In his objection, Attorney Cubbie advances several arguments supporting his position that he should be allowed to continue his representation of Lock. First, he argues that he does not have any confidential information relating to Clay and, even if he did, Clay has debriefed with the government and, therefore, he would not be able to use any confidential information to Clay's detriment during cross-examination. Attorney Cubbie also argues that any conflict of interest could be

---

[2]Attorneys practicing law in this district are bound by the professional standards of conduct promulgated by the Wisconsin Supreme Court and set for in the Rules of Professional Conduct for Attorneys, SCR 20:1.1 through 20:8.5. *See* General Local Rule 83.10(a) (E.D.Wis.)

-5-

resolved by hiring an independent attorney for the purposes of conducting the cross-examination of Clay.

To begin, even if the court were to accept Attorney Cubbie's statement that he has no confidential information about Clay, his argument and focus appear to the court to be misplaced. This circuit has unequivocally expressed that "it is the witness, rather than the defendant, who should object to the cross-examination by his former attorney." *United States v. Jeffers*, 520 F.2d 1256, 1265 (7th Cir. 1975). More importantly, a client does not waive his attorney-client privilege "merely by disclosing a subject which he had discussed with his attorney." *United States v. O'Malley*, 786 F.2d 786, 794 (7th Cir. 1986). Clay has not agreed to waive any conflict of interest, and it is certainly his prerogative to do so; Attorney Cubbie may not simply assert that he has no privileged information about Clay to overcome his duty to maintain the attorney-client privilege.

The court does not find Attorney Cubbie's suggestion to hire independent counsel for the purposes cross-examination to be a viable option for obviating the conflict. Although the court understands that it has substantial discretion to fashion a remedy to avoid a potential conflict of interest, *see United States v. Messino*, 181 F.3d 826, 830 (7th Cir. 1999), and that this type of remedy has been sanctioned by the Seventh Circuit, *see United States v. Britton*, 289 F.3d 976, 982 (7th Cir. 2002), in the final analysis the court does not find Attorney Cubbie's suggestion that other counsel be brought in for the limited purpose of cross-examining Clay at trial to be an effective measure for purposes of addressing the conflict.

In this regard, the court finds, as did Magistrate Gorence, that there are key differences between this case and the factual circumstances presented in *Britton*. Most significant is the fact that in the government's view Clay is a critical witness. Indeed, in the parties' pretrial report, filed April 9, 2008, Clay is listed as the first witness, and the actual charge set forth in the indictment and the pretrial report detail that the activities underlying the offenses involve Clay and Lock, often alleging that these two defendants acted in concert. Given the serious nature of the charges together with the government's theory of the case, it is apparent that Clay's testimony may ultimately prove pivotal to the prosecution of Lock.

Beyond Clay playing a key role in the government's case, Attorney Cubbie's prior representation of Clay was intimately related to the matters on which he now represents Lock. To be sure, Attorney Cubbie's prior representation of Clay related to the property involved in Count Fifteen of the superseding indictment, a count at which both he and Lock are charged. This alone suggests more than a substantial likelihood that Attorney Cubbie would have considerable knowledge about Clay's activities, particularly those activities involving the parcel which is the subject of Count Fifteen of the indictment. Due to these factors, the court finds that it would be impossible to isolate and remove the conflict simply by having another attorney cross-examine Clay. Here, both Lock and Clay were substantial actors in the conspiracy, underscoring the high degree of probability that Clay's actions would come up in a course of conduct and may reach well beyond the isolation of his direct and cross examination at trial.

-7-

Case 2:07-cr-00204-JPS    Filed 04/15/08    Page 7 of 9    Document 159

It is also worthy of note that *Britton* involved a more attenuated relationship between counsel for the defendant and the witness. In *Britton*, the court denied a motion to disqualify the defendant's "second chair" attorney who had previously represented a government witness. In contrast to this case, *Britton* did not involve the potential disqualification of a defendant's *only* attorney for prior representation of a *co-defendant*. While the court acknowledges that the remedy fashioned in *Britton* was a workable solution to eliminate an ethical conflict, the facts before the court in this case are substantially different. As such, this court finds that hiring independent counsel to cross-examine Clay would not remedy the conflict of interest.

The court fully appreciates the significance of the disqualification of any litigant's counsel; however, given Clay's refusal to waive the conflict coupled with his substantial involvement with his co-defendant, Michael Lock, in the conduct charged in the conspiracy and Lock, the court finds no other workable options to protect against the very serious issues likely to occur during Lock's trial. Therefore, finding no less intrusive remedy, the court is constrained to disqualify Attorney Rodney Cubbie from further representation of Michael Lock.

Accordingly,

**IT IS ORDERED** that Magistrate Gorence's recommendation be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Attorney Rodney Cubbie be and he is hereby **DISQUALIFIED** from further representing the interests of Michael Lock, one of the named defendants in this case.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge